SKADDEN, ARPS, SLATE, MEAGHER & FLOM LLP
1440 NEW YORK AVENUE, N.W.
WASHINGTON, D.C. 20005-2111
———
TEL: (202) 371-7000
FAX: (202) 393-5760
www.skadden.com

DIRECT DIAL
(202) 371-7322
EMAIL ADDRESS
JOSEPH.BARLOON@SKADDEN.COM

FIRM/AFFILIATE OFFICES
———
BOSTON
CHICAGO
HOUSTON
LOS ANGELES
NEW YORK
PALO ALTO
WILMINGTON
———
BEIJING
BRUSSELS
FRANKFURT
HONG KONG
LONDON
MOSCOW
MUNICH
PARIS
SÃO PAULO
SEOUL
SHANGHAI
SINGAPORE
SYDNEY
TOKYO
TORONTO

November 18, 2015

**VIA ELECTRONIC DELIVERY**

The Honorable Roberto Lange
United States District Judge
United States District Court, District of South Dakota
225 South Pierre Street
Pierre, SD 57501

          RE:    <u>Case No. 3:13-cv-3023, Emergency Requests for Continuance</u>

Dear Judge Lange:

       On behalf of the Defendants in *Heldt, et al. v. PayDay Financial, et al.* (Case Number 3:13-cv-3023), we write in response to the letters from Georgia Attorney General Samuel Olens and Federal Trade Commission ("FTC") Associate Director James A. Kohm[1] requesting a continuance of the Preliminary Approval Hearing that is currently scheduled for Friday, November 20. For each of the reasons set forth below, the requests are without merit and should be denied.

       First, we note that both Mr. Olens and Mr. Kohm (and any other state or federal entity or employee that requests a continuance of the Preliminary Approval Hearing subsequent to this letter), by virtue of federal law, already have a 90-day period to review the proposed settlement before this Court issues any final approval. Indeed, 28 U.S.C. § 1715 addresses the very issue that Mr. Olens and Mr. Kohm raise in their letters, setting forth the following timeline for notification and any final approval:

- Within 10 days of filing, Defendants must notify appropriate state officials and the federal government of the settlement.[2]

---

[1] Mr. Kohm acknowledges in his letter that he does not speak on behalf of the FTC.

[2] Defendants have complied with this requirement.

The Honorable Roberto Lange
November 18, 2015
Page 2

- A Final Approval Order may not be issued "earlier than <u>90 days after the later of the dates on which the appropriate Federal official and the appropriate State official are served with the notice</u>."

28 U.S.C. §§ 1715(b), (d) (emphasis added).

By prohibiting this Court from issuing a final approval order earlier than 90 days after the date of notification, Congress already has provided state governments and the federal government with sufficient time to review the settlement and raise any concerns. Had Congress wanted to build in an additional period before preliminary approval could even be considered, it certainly could have done so.

Second, nothing in the letters suggests that the 90-day period that Mr. Olens and Mr. Kohm already have to review the settlement is insufficient. The very purpose of the two-step process in class action cases (preliminary approval followed by final approval) is to ensure that all interested parties receive appropriate notice of the settlement, and that any objectors have an opportunity to be heard before final approval is ordered. *Ray v. Tierone Corp.*, No. 8:10-cv-00199, 2012 U.S. Dist. LEXIS 96799, at *7-8 (D. Neb. July 12, 2012) ("Approval of a class action settlement under Rule 23(e) involves a two-step process: first, a 'preliminary approval' order; and second, after notice of the proposed settlement has been provided to the class and a hearing has been held to consider the fairness, reasonableness and adequacy of the proposed settlement, a 'final approval' order or judgment will be entered.") Certainly, Rule 23 already requires that objectors receive sufficient opportunity to be heard in this case regardless of whether this Court issues Preliminary Approval in two days or 90 days. *See* Newberg on Class Actions § 13:29 ("Class members may lodge objections to proposed class action settlements in the time period between the preliminary approval of the settlement and the fairness hearing.")

Third, as non-class members to this lawsuit, Mr. Olens and Mr. Kohm do not have standing to object to the proposed settlement. *See, e.g., In re Am. Int'l Grp., Inc. Sec. Litig.*, 916 F. Supp. 2d 454 (S.D.N.Y. 2013) (finding that state attorney general lacked standing to object to a proposed settlement and denying state attorney general's request to intervene). And even if this Court does choose to hear their concerns regarding the settlement (through *amicus* briefs or otherwise), their concerns should not be heard before class notice has been issued and the class members themselves have been given an opportunity to review the proposed settlement. Indeed, the primary reason stated by Mr. Olens for a 90-day stay – the state's one-sided claim that it will obtain greater compensation for Georgia residents through other litigation against the Defendants – has nothing to do with the timing of Preliminary Approval, and in fact is an objection that class members themselves will have an opportunity to raise after they have been notified.

The Honorable Roberto Lange
November 18, 2015
Page 3

      Finally, public policy favors settlement, particularly in complex class actions. *See White v. National Football League*, 822 F. Supp. 1389, 1416 (D. Minn. 1993). It is because of this strong public policy that settlement agreements are "presumptively valid." *In re Uponor, Inc., F1807 Plumbing Fittings Prods. Liab. Litig.*, 716 F.3d 1057, 1063 (8th Cir. 2013). Moreover, "a proposed settlement is presumptively reasonable at the preliminary approval stage." *Schoenbaum v. E.I. DuPont De Nemours & Co.*, No. 4:05CV01108 ERW, 2009 U.S. Dist. LEXIS 114080, at *13 (E.D. Mo. Dec. 8, 2009).

      Here, Defendants and Plaintiffs negotiated the instant proposed settlement at arm's-length over a period of more than three months, with the assistance of one of the most experienced mediators in the nation. These negotiations followed nearly two years of litigation that laid bare the strengths, weaknesses, risks and rewards of the parties' positions. Given the strong public policy in favor of settlements, the objective procedure that the parties followed in reaching this settlement, and the Congressionally-crafted review period and process already afforded state and federal officials, we respectfully submit that no reason exists to delay the Preliminary Approval Hearing.

Sincerely,

Joseph L. Barloon
SKADDEN, ARPS, SLATE,
MEAGHER & FLOM LLP
1440 New York Avenue, NW
Washington, DC 20005
Counsel for Defendants CashCall, Inc.
and WS Funding, LLC

Brian J. Fischer
JENNER & BLOCK LLP
919 Third Avenue
New York, NY 10022
Counsel for Defendants

Cheryl Laurenz-Bogue
BOGUE & BOGUE, LLP
P.O. Box 50
Faith, SD 57626
Counsel for Defendants