UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



FILED

DEC 15 2015

CLERK

| | |
|---|---|
| CHAD MARTIN HELDT, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS; CHRISTI W. JONES, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS; SONJA CURTIS, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS; AND CHERYL A. MARTIN, INDIVIDUALLY AND ON BEHALF OF ALL SIMILARLY SITUATED INDIVIDUALS; | 3:13-CV-03023-RAL |
| Plaintiffs, | |
| vs. | ORDER GRANTING MOTION TO INTERVENE |
| PAYDAY FINANCIAL, LLC, WESTERN SKY FINANCIAL, LLC, CASHCALL, INC., A CALIFORNIA CORPORATION; AND WS FUNDING, LLC, A WHOLLY OWNED SUBSIDIARY OF CASHCALL, INC., | |
| Defendants. | |

Thomas Brown, Monica Johnson, Melinda Long, Debera Grant, Renee Holmes, Kevin Hayes, James Hayes, Leslie Jan Lydon, Elizabeth Jackson, Abraham Inetianbor, James Binkowski, Jeffrey Moore, Lisa Walker, and Herbert White (Intervenors) have moved to intervene in this class action case under Federal Rule of Civil Procedure 24(a) or, alternatively, Rule 24(b). Doc. 91. The Intervenors seek to object to preliminary approval of the proposed

1

settlement in this case and participate in any future proceedings concerning the settlement.  Doc. 91.  None of the parties in this case have objected to the motion to intervene.

Motions to intervene should be construed "liberally . . . in favor of the proposed intervenors." In re Uponor, Inc., F1807 Plumbing Fittings, 716 F.3d 1057, 1066 (8th Cir. 2013) (quotation omitted).   Under Rule 24(b)(1)(B), a court may permit intervention on a timely motion when anyone: "has a claim or defense that shares with the main action a common question of law or fact." Fed. R. Civ. P. 24(b)(1)(B).  When exercising its discretion under Rule 24(b), a court "must consider whether the intervention will unduly delay or prejudice the adjudication of the original parties' rights." Fed. R. Civ. P. 24(b)(3).

The Intervenors satisfy the requirements of Rule 24(b)(2).   To begin with, the Intervenors' motion is timely.  See In re Uponor, Inc., F1807 Plumbing Fittings, 716 F.3d 1057 (8th Cir. 2013) (identifying factors to consider when determining whether a motion to intervene is timely). The Intervenors filed their initial motion to intervene only two weeks after the parties moved to conditionally certify the class and preliminarily approve the settlement in this case. Doc. 80.  See Midland Funding LLC v. Brent, NO. 3:08 CV 1434, 2011 WL 1882507, at *4 (N.D. Ohio May 17, 2011) (finding that motion to intervene was timely when it was filed "mere weeks" after an order preliminarily approving a class action settlement).  Next, the Intervenors' claims share common questions of law or fact with the main action.   The Intervenors are plaintiffs in other class actions against the defendants in this case.  According to the Intervenors, these other class actions not only concern the same acts by defendants at issue in this case, but also raise "substantially similar claims."  Finally, allowing the Intervenors to intervene will not unduly delay or prejudice the parties' rights.  In terms of certifying the class and approving the settlement, this case is in its infancy.  The parties' motion to conditionally certify the class and

2

preliminary approve the settlement was filed in early November 2015.  This Court has yet to even hold a hearing on the parties' motion, let alone issue an order granting it.  Further, many of the objections the Intervenors raise in their motion are issues that Rule 23 require this Court to consider when determining whether to conditionally certify the class and preliminarily approve of the settlement.  Allowing the Intervenors to brief these issues and appear at the preliminary approval hearing will not cause undue delay or prejudice to the parties.

For the reasons stated above, it is hereby

ORDERED that the Intervenors' motion to intervene, Doc. 91, is granted and Intervenors shall be joined as parties in this action for the purpose of to objecting to preliminary approval of the proposed settlement in this case and participating in any future proceedings concerning the settlement.  It is further

ORDERED that Intervenors may participate in person or by telephone in the December 18, 2015 hearing in this case.  It finally

ORDERED that the caption shall be amended to list the Intervenors.

DATED this 15th day of December, 2015.

BY THE COURT:

ROBERTO A. LANGE
UNITED STATES DISTRICT JUDGE