

**PAM BONDI**
**ATTORNEY GENERAL**
**STATE OF FLORIDA**

OFFICE OF THE ATTORNEY GENERAL
Consumer Protection Division

3507 East Frontage Road (Suite 325)
Tampa, FL 33607
Phone (813) 287-7950   Fax (813) 281-5515
http://www.myfloridalegal.com

December 16, 2015

Via Fax and E-mail
The Honorable Roberto Lange
United States District Judge
United States Post Office & Courthouse
225 South Pierre Street
Pierre, SD 57501

      Re: Heldt et al. v. Payday Financial et. al Case No. 3:13-cv-3023-RAL
         *December 18, 2015 hearing on preliminary approval of settlement*

Dear Judge Lange:

    The Florida Attorney General and Office of Financial Regulation write to express great concern regarding the proposed settlement and accompanying proposed order and notice (collectively, the "Settlement") before this Court in *Heldt v. Payday Financial*. We have ongoing litigation in Florida Circuit Court against CashCall, Inc., Western Sky Financial, LLC, and other defendants named in *Heldt v. Payday Financial* for claims relating to the same lending activities at issue in this case. We believe the Settlement does not address or adequately resolve potential claims under Florida law and would not prevent the Defendants from continuing to violate Florida law. We are also concerned that Florida consumers would likely receive *de minimus* restitution and that the proposed notice is confusing and does not clearly apprise recipients of the rights they are relinquishing if they fail to opt out.

    Although the Settlement purports to represent relief to a nationwide class, the Complaint filed in this action includes claims for violations of California, Minnesota, Texas, and Virginia law—no Florida claims are alleged. The putative Florida class members, therefore, have not had their potential Florida claims adequately represented or resolved by the Settlement. In Florida the legal interest rate for consumer loans is 18%, and loans carrying interest above 18% are void and unenforceable. Under the Settlement, however, the loans are not cancelled, the Defendants are not precluded from collecting on or transferring the loans, and the Settlement does not protect against distribution of consumer loan information. Thus, Florida claims against Defendants are released, but Defendants may continue to profit from the sale of the illegal loans or of consumer information, and third party debt buyers of these loans may continue to collect and

potentially file adverse reports with the credit bureaus on loans that are illegal and unenforceable under Florida law.

Furthermore, Florida's 28,989 putative class members represent approximately 8% of the total 348,000 member class. These Florida consumers are likely to receive far less benefit from the $7 million fund of this Settlement than they could receive in an action based on Florida law and for the specific benefit of Florida consumers. In our pending litigation, Defendants admitted that over $9.8 million in excess interest over the principal plus 18% has been paid to Defendants by just a small portion (approximately 4,477) of the Florida borrowers who continue to pay on their loans. Therefore, the total amount of illegal interest collected by Defendants in Florida alone would necessarily amount to many tens of millions if not more. Also, given that the U.S. District Court for the Southern District of Florida ruled on December 7, 2015 that Florida law governs the Western Sky transactions with Florida consumers,[1] Florida consumers may have an opportunity to recover substantially more than they would in this Settlement.

As written, the Settlement also benefits certain class members at the expense of potential members in Florida and other litigating states. Under the Settlement, class members who have received restitution from Defendants pursuant to prior state or regulatory enforcement actions will apparently be entitled to a pro rata share in the $7 million restitution of this Settlement and their share will not be diminished by any recovery they have already received. For consumers in those states still in litigation with Defendants, for example, Florida, North Carolina, and Georgia (which states collectively account for more than 65,000 settlement class members or approximately 19% of the class) their share of the fund will be the same as those who have already received money from a previous settlement or court order.

The notice fails to disclose adequately information to the Settlement class members which may be material to their decision of whether to opt out of the class. In particular, the notice does not inform class members that they are barred from receiving any benefit from any other pending action, even state enforcement actions. The notice also does not disclose that the Settlement enjoins, as of the date of preliminary approval, all other actions against the Defendants from proceeding. Nor does the notice inform recipients that the Defendants have discretion to revoke the Settlement if too many eligible borrowers opt-out. Consequently, putative class members who are pursuing their own litigation or who stand to recover under state enforcement actions may be unfairly prejudiced by giving up these rights without clear disclosure. Moreover, if the Defendants ultimately reject the settlement, these consumers stand to be further prejudiced by the delay of pending litigation which would result from preliminary approval of this Settlement.

As we were preparing to send this letter, we learned of the recently filed modifications to the proposed settlement that may address some of the issues we have outlined. Given the existing infirmities of the proposed Settlement and recently filed proposed modifications, we respectfully request that the Court postpone the hearing,

---

[1] *Inetianbor v. CashCall, Inc.* Case No.:13-60066-CIV (Dec.7, 2015 S.D. Fla); Inetianbor is identified as an intervenor in the *Heldt* case.

2

defer ruling, and continue the hearing on preliminary approval by at least 60 days to permit this office, in coordination with other Attorneys General and interested organizations, to review more fully the proposed Settlement and any modifications  In the alternative, should the Court decide to conduct the hearing on December 18, 2015, we respectfully request the Court to deny the motion to preliminarily approve of the Settlement, given its inherent flaws.

Sincerely,

**PAMELA JO BONDI**
Attorney General

*[signature]*

**ROBERT J. FOLLIS** (FBN 0560200)
Assistant Attorney General
**JULIA A. HARRIS** (FBN 884235)
Senior Assistant Attorney General
**VICTORIA BUTLER** (FBN 861250)
Bureau Chief, Assistant Attorney General
Office of the Attorney General
3507 E. Frontage Road, Suite 325
Tampa, FL 33607
Telephone: 813-287-7950
Facsimile: 813-281-5515
Robert.Follis@myfloridalegal.com
Julia.Harris@myfloridalegal.com
Victoria.Butler@myfloridalegal.com

FLORIDA OFFICE OF FINANCIAL REGULATION

*[signature]*

Colin M. Roopnarine, B.C.S (FBN 79626)
General Counsel
Florida Office of Financial Regulation
200 E. Gaines Street
Tallahassee, FL 32399
Telephone: 850-410-9601
Facsimile: 850-410-9663
Colin.Roopnarine@flofr.com

CC: Counsel of Record

3